UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CYNTHIA MOORE                                   **JURY TRIAL DEMANDED**
    Plaintiff

v.

CONNECTICUT DEPARTMENT
OF CORRECTION, LEO ARONONE
    Defendant                                  JULY 12, 2014

## COMPLAINT

### I.   INTRODUCTION

1.   The Plaintiff, brings this civil action as a result of the violation of her rights secured and protected by the Civil Rights Act of 1871 (U.S.C. §1983, 1981), and the Fourteenth Amendments to the United States Constitution, and Title VII of the Civil Rights Act of 1964, as amended, inasmuch as the Defendants have subjected the Plaintiff to race discrimination and retaliation.

### II.   JURISDICTION

2.   Jurisdiction of this matter is invoked under 28 U.S.C. § 1331, in that the District Court shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

3.   This Court has supplemental jurisdiction over the Plaintiff's state law claims in accordance with 28 U.S.C. § 1367.

### III.  VENUE

4. The appropriate venue is the United States District of Connecticut and is proper in accordance with 28 U.S.C. §1391, in that all of the acts and/or omissions giving rise to the claims occurred within this judicial district.

### IV.  PARTIES

5. The Plaintiff, Cynthia Moore, is an African-American female who began her employment with the Connecticut Department of Corrections on or around August 19, 1994, as a Correction Officer. Her current base salary is $54,727.00 annually.

6. The Defendant Connecticut Department of Correction and Hartford Correctional Institute, (hereinafter referred to as "DOC,") is a state agency whose mission is to protect the public, protect staff, and provide safe, secure, and humane supervision of offenders with opportunities that support restitution, rehabilitation and successful community reintegration.

7. Leo Arnone was at all material times the Commissioner of the Department of Correction and was responsible for the promulgation and enforcement of all DOC policies, practices, and procedures.

### V.  FACTS

8. Plaintiff Cynthia Moore resides at 53 Nicola Street, Waterbury, CT 06704.

9. On or around September 20, 2011, Moore filed an Affirmative Action complaint against her male supervisor, LT. Cox alleging discrimination, harassment, and retaliation. The investigation purposely exceeded several months past its due date.

10.     Acting Affirmative Action Director Kimberly Weir retaliated against Moore by impeding and holding up her complaint, due to other internal allegations that were made against her by her brother, EEO Specialist-2, Christian Moore, of whom was working under her in the Affirmative Action Unit.

11.     On or about January 10, 2013, Moore was informed by Holly Darin (White Female) Affirmative Action Unit Manager that the allegations against Lt. Cox (White Male) were ultimately determined that the evidence presented didn't support the claim raised. At this time, Moore was informed that the complaint she filed against Lt. Cox had already been closed out since December 11, 2012, approximately 1 month before she even received notice from Ms. Darin.

12.     Ms. Darin discriminated against Moore by not fulfilling her obligation under the agency's Affirmative Action policy statement.

13.     On or around January 15, 2013, Moore was informed by former EEO Specialist Valerie Mathis at the meeting with Senator Olsten that she had actually substantiated the claims of discrimination, harassment, and retaliation against Lt. Cox, but it was challenged by former Director of Human Resources Daniel Callahan (White Male), Former Commissioner Leo Arnone (White Male), and then Deputy Commissioner James Dzurenda (White Male).  Moore was also shown copies of documents that stated such.

14.     Moore has been retaliated against by Lt. Carl Lovisolo (White Male) by being given wrong information regarding her Worker's Compensation package, in a deliberate

attempt to retaliate against her for filing a claim of discrimination against his White Male counterpart and colleague, Lt. Timothy Cox.

15.1 Lt. Timothy Cox discriminated against Moore by singling her out and vandalizing her vehicle, as other staff has parked in other designated areas, including Lt. Cox. Lt. Cox, singles out minorities, such as blacks and Hispanics, and especially targets women.

16. Moore was given incorrect information about whether she needed to complete workers compensation paperwork thus causing her to lose 3 weeks pay

17. Moore sustained a loss day of pay on November 27, 2012 right after the incident with Cox, she took a day of Family Sick Leave, even though she had five FSL on the books she was told that she was a given an attendance warning for "exhaustion of FSL" because they claimed that she did not complete the paper work.

18. Both Lt's Lovisolo and Cox have a past practice and history of discriminating against black and Hispanic females. Correction Officer's Roman and Daniels have both filed complaints against these two Lt's for similar allegations.

19. Warden Timothy Farrell, and Deputy Warden Kenneth Butricks are aware of the discriminatory actions of both Lt.'s Lovisolo and Cox, and have condoned their behavior, and have participated in retaliatory acts against Moore, such as denying her training opportunities and the interception of my Worker's Compensation package.

20. Moore has been discriminated against by Human Resources Director Tracey Butler and her direct staff to include Suzanne Smedes (White Female), Arlene Phillips

(White Female), and Jolie Hinners (White Female), by the interception of her Worker's Compensation package, and the deliberate attempt not to process it for payment, thus causing her to lose pay. This is in retaliation for her filing an Affirmative Action complaint, and opposing discriminatory practices.

21. Acting Director Kimberly Weir and Director Tracey Butler have retaliated against Moore for participating in signing a joint complaint of discrimination and harassment against them and the DOC as a whole on October of 2012.

22. Moore is aware that they have seen this complaint, as she has met with Senator Cathy Olsten at the Legislative Office Building on or around January 10, 2013, who stated that these individuals' also met with her and her staff on or around January 3, 2013.

23. Moore has been discriminated against by Warden Timothy Farrell and his administration at the Bridgeport Correctional Center, by being denied training opportunities for positions such as "Key and Tool" specialized, keep track of keys, equipment, maintenance needs, etc.  also five and twos, Tommy Arzylea (White Male) has been in the job five  where white males have been sent instead. The administration at the Bridgeport CC continues to degrade, discriminated against, harass, and retaliate against black females at the facility.  The facility has had the same person (Joseph Aloi, White Male) be allowed to be the phone monitor for twelve years.

24. The entire staff is supposed to be trained, however, the facility trains employees of its own choosing in secret.

25. Black and female employees are not allowed training, the facility does not post the open positions although they are supposed to do so for a 5 day period.

26. Holly Darin (White Female) in the Affirmative Action Unit discriminated against Moore by not following the investigative process that was explained to her by EEO Specialist, Valerie Mathis. Ms. Darin retaliated against Moore on behalf of the DOC by not taking her allegations of discrimination, harassment, and retaliation seriously. She has ignored all of Moore's requests to discuss this case.

27. Holly Darin (White Female) also retaliated against Moore for allegations brought forth by her brother, Christian Moore (BM) against her, relative to her role in the Affirmative Action Unit.

28. The administration at DOC discriminated against Moore by challenging the findings of EEO Specialist Valerie Mathis against Lt. Cox. The DOC should not internally rebut the findings of the Affirmative Action Office. The Affirmative Action Unit is not an independent unbiased entity as it should be, as the results are being funneled though the Attorney for the agency, Sandra Sharr.

29. The DOC administers harsher sanctions to blacks and other minorities, and little to no discipline to whites, as with the example of Lt. Cox, even though they are found culpable of violating the agency's administrative directives. Whites are given a slap on the wrist, and blacks are punished.

30. Commissioner Leo Arnone discriminated and retaliated against Moore by stating that it was not the intention of Lt. Cox to discriminate against her when in fact the DOC's Discrimination and Sexual Harassment Administrative Directive's clearly state that it

does not matter what the intention or motivation of the harasser was, it is the impact of their actions that matter.

31.     Acting EEO Director Kimberly Weir retaliated against and discriminated against Moore by reversing the findings of EEO Specialist Valerie Mathis under Commissioner Leo Arnone.

32.     Lt. Cox was found culpable of violating Administrative Directive's 2.2, 2.17, and 6.6, yet he received no discipline. This was in retaliation for Moore filing a complaint against a white male.

33.     The DOC discriminated and retaliated against Moore by re-victimizing her (the victim) in this investigation by humiliating her, causing her loss of wages and time. Instead of the DOC taking her complaint seriously, they have made Moore to be the villain, and took the side of the abuser Lt Cox (White Male).

34.     Moore has experienced loss of overtime opportunities. The system is that the person with the highest number of overtime hours is called last. It is a rotating list that is updated daily.  They call for whatever shift and days of the week you have signed up. Moore's name was on the list but not be called.    Supervisors who have passed over Moore for overtime are:  Lt. Peterski (White Male), Lt. Lovosolo (White Male). The estimated hours of overtime missed is more than 10 ten for an eight hour shift each time.

35.     Moore has been damaged thereby.

**FIRST COUNT:            42 U.S.C. § 1983- FOURTEENTH AMENDMENT TO THE
                          U.S. CONSTITUTION**

1. - 35.     Paragraphs 1 through 35 are incorporated herein made paragraphs 1 through 35 of this First Count.

36.     Defendant Leo Arnone, in his capacity as the Commissioner of the defendant Department of Correction, is a policy maker for the DOC and at all times material herein was responsible for the promulgation and enforcement of DOC policies, practices and customs.

37.     Defendant engaged in a continuous practice, custom and policy of racial discrimination against its employees, beginning at least since 2000 and continuing through the present by the following actions:

   (a)    Maintaining a practice, custom and policy of engaging in unwarranted and baseless investigations of its African-American employees while not engaging in such investigations of its Caucasian employees.

   (b)    Maintaining a practice, custom and policy of permitting white employees to engage in conduct that violates Department rules and regulations without discipline while  disciplining non-white employees.

   (c)    Maintaining a practice, custom and policy of retaliating against non-white employees who engage in protected activity while not retaliating against white employees.

   (d)    Maintaining a practice, custom and policy of imposing more harsh discipline to  non-white employees than it imposes upon white employees who engage in the same or similar conduct.

(e) Engaging in immediate and serious investigations of complaints made by white employees while simultaneously refusing to investigate complaints made by non-white employees against white employees.

(f) Maintaining a practice, custom and policy of providing unequal training opportunities for non-white and white employees.

(g) Maintaining a practice, custom and policy of issuing retaliating against non-white employees who files complaints of discrimination and/or harassing treatment.

(h) Maintaining a practice, custom and policy of denying promotional opportunities to non-white employees as compared to white employees.

38. As a result of Defendant's conduct Plaintiff has been subjected to unlawful racial discrimination and unequal treatment all in violation of the Fourteenth Amendment to the U.S. Constitution.

39. Plaintiff has in the past been damaged and continues to be damaged by the Defendant's conduct.

**SECOND COUNT:      42 U.S.C. § 1983, 1981- RACE DISCRIMINATION**

1. - 35.    Paragraphs 1 through 35 are incorporated herein made paragraphs 1 through 35 of this Second Count.

36. Defendant Leo Arnone, in his capacity as the Commissioner of the defendant Department of Correction, is a policy maker for the DOC and at all times material herein was responsible for the promulgation and enforcement of DOC policies, practices and customs.

37. Defendant engaged in a continuous practice, custom and policy of racial discrimination against its employees, beginning at least since 2000 and continuing through the present by the following actions:

(a) Maintaining a practice, custom and policy of engaging in unwarranted and baseless investigations of its African-American employees while not engaging in such investigations of its Caucasian employees.

(b) Maintaining a practice, custom and policy of permitting white employees to engage in conduct that violates Department rules and regulations without discipline while disciplining non-white employees.

(c) Maintaining a practice, custom and policy of retaliating against non-white employees who engage in protected activity while not retaliating against white employees.

(d) Maintaining a practice, custom and policy of imposing more harsh discipline to non-white employees than it imposes upon white employees who engage in the same or similar conduct.

(e) Engaging in immediate and serious investigations of complaints made by white employees while simultaneously refusing to investigate complaints made by non-white employees against white employees.

(f) Maintaining a practice, custom and policy of providing unequal training opportunities for non-white and white employees.

(g)     Maintaining a practice, custom and policy of issuing retaliating against non-white employees who files complaints of discrimination and/or harassing treatment.

(h)     Maintaining a practice, custom and policy of denying promotional opportunities to non-white employees as compared to white employees.

38.     Plaintiff has been subjected to racial discrimination in furtherance of DOC's policy and practice of discriminating against African-American employees in violation of their rights to make and enforce contracts, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens.

39.     Plaintiff has in the past been damaged and continues to be damaged by the Defendant's conduct.

**THIRD COUNT:**     **TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED (RACE DISCRIMINATION)**

1. - 35.     Paragraphs 1 through 35 are incorporated herein made paragraphs 1 through 35 of this Third Count.

36.      As a result of Defendant's conduct Plaintiff has been subjected to unlawful racial discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended.

37.     Plaintiff has suffered great humiliation and emotional distress as well as the loss of income and harm to her professional reputation.

38.     Plaintiff has been damaged thereby.

39.     Plaintiff filed a timely complaint of race discrimination with the Equal Employment Opportunity Commission.

40. Plaintiff has received a right to sue letter and thus has exhausted all administrative requirements to brining this action.

**FOURTH COUNT:** **TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED (RETALIATION)**

1. - 35.    Paragraphs 1 through 35 are incorporated herein made paragraphs 1 through 35 of this Fourth Count.

36.    As a result of Defendant's conduct Plaintiff has been subjected to unlawful retaliation because she made complaints of discrimination and/or harassment, creation of a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, as amended.

37.    Plaintiff has suffered great humiliation and emotional distress as well as the loss of income and harm to their professional reputation.

38.    Plaintiff has been damaged thereby.

39.    Plaintiff filed a timely complaint of retaliation with the Equal Employment Opportunity Commission.

40.    Plaintiff has received a right to sue letter and thus has exhausted all administrative requirements to brining this action.

   **WHEREFORE**, Plaintiff prays for the following relief:

   A.    A trial by jury;

   B.    Compensatory damages;

   C.    Attorneys fees and the costs of this action:

D. Such further and equitable relief as the Court may deem appropriate.

<div style="margin-left: 40%;">
THE PLAINTIFF  
By: __/s/Josephine S. Miller_____  
Josephine S. Miller, Fed Bar # ct27039  
152 Deer Hill Avenue, Suite 302  
Danbury, CT 06810  
Tel: (203) 512-2795  
Fax: (203) 702-5188  
Email: jmillerlaw@sbcglogal.net
</div>