UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CYNTHIA MOORE,
    Plaintiff,

    v.

CONNECTICUT DEPARTMENT OF
CORRECTION and LEO ARONONE,
    Defendants.

No. 3:14-cv-01002 (JAM)

**ORDER ON DEFENDANTS' MOTION TO DISMISS (DOC. #28)**

    Plaintiff is an employee of the Connecticut Department of Correction ("DOC") who has filed a discrimination suit against defendants DOC and former Commissioner Leo Arnone.[1] Defendants have filed a motion to dismiss, and plaintiff has not filed a response to the motion to dismiss, despite seeking and obtaining two extensions of time to do so. Because of plaintiff's failure to file a timely response and because the pleadings otherwise appear to foreclose plaintiff's claims, I will grant defendants' unopposed motion to dismiss.

**BACKGROUND**

    On July 12, 2014, plaintiff filed a complaint (Doc. #1) and, following the defendants' filing of a motion for more definite statement (Doc. #19), plaintiff filed an amended complaint (Doc. #22). The amended complaint alleges that plaintiff has worked for the Department of Correction since 1994. *Id.* ¶ 4. According to the amended complaint, plaintiff filed an internal affirmative action discrimination complaint against her supervisor (Lt. Cox) in September 2011, but the investigation was intentionally delayed, and plaintiff was not told until January 2013 that the investigation had been closed in December 2012 without substantiating her claim. *Id.* ¶¶ 8–

---

[1] Plaintiff's complaint misspells the former commissioner's last name as "Aronone."

12. The amended complaint further alleges that on unspecified dates Lt. Cox vandalized plaintiff's vehicle and another DOC employee retaliated against plaintiff for filing a complaint against Lt. Cox by giving plaintiff wrong information about her workers compensation package. *Id.* ¶¶ 13–16. The amended complaint otherwise alleges a series of discriminatory acts by other DOC employees on one or more dates in January 2013 or on other unspecified dates. *Id.* ¶¶ 19–34.

As to defendant Arnone, the complaint alleges that "Commissioner Leo Arnone discriminated and retaliated against Moore by stating that it was not the intention of Lt. Cox to discriminate against her when in fact the DOC's Discrimination and Sexual Harassment Administrative Directive's [sic] clearly state that it does not matter what the intention or motivation of the harasser was, it is the impact of their actions that matter." *Id.* ¶ 30.

Counts One and Two allege in sweeping terms but without further factual elaboration that defendant Arnone violated the Equal Protection Clause and 42 U.S.C. § 1981 in his official and personal capacity by maintaining a practice, custom, and policy since 2000 of racial discrimination involving the unequal treatment of non-white employees with respect to promotions, discipline, investigations, retaliation, training, and other work-related activities. Counts Three and Four similarly allege without further factual detail that defendant DOC is liable for discrimination and retaliation, respectively, under Title VII of the Civil Rights Act of 1964.

On January 5, 2015, defendants moved to dismiss the complaint (Doc. #28). Plaintiff twice sought and received extensions of time to file an opposition to the motion to dismiss (Docs. #29, #31), and plaintiff's opposition deadline was extended to February 6, 2015. On February 17, 2015, defendants filed a "reply" (Doc. #33) noting that plaintiff still had not filed

an opposition to the motion to dismiss and suggesting that the Court may grant the motion to dismiss pursuant to Local Civil Rule 7(a)(1), which provides in relevant part that "[f]ailure to submit a memorandum in opposition to the motion may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient grounds to deny the motion."

## DISCUSSION

Because plaintiff has yet to file an opposition to the motion and because my review of the pleadings does not disclose sufficient grounds to deny defendants' motion to dismiss, I will grant defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6) and Local Civil Rule 7(a)(1). For the reasons set forth below, there are substantial grounds to grant defendants' unopposed motion to dismiss.

The principles governing this Court's consideration of a motion to dismiss are well established. First, the Court must accept as true all factual matter alleged in a complaint and draw all reasonable inferences in a plaintiff's favor. *See Ret. Bd. of the Policemen's Annuity & Ben. Fund of the City of Chicago v. Bank of New York Mellon*, 775 F.3d 154, 159 (2d Cir. 2014). But "'[t]o survive a [12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Similarly, "[w]hen a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010) (internal quotations marks and citation omitted).

Plaintiff's claims for money damages against defendant Leo Arnone in his *official* capacity are barred by state sovereign immunity under the Eleventh Amendment to the U.S. Constitution. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–03 (1984). It

does not appear that plaintiff's claim falls within the prospective/injunctive relief exception to Eleventh Amendment immunity. *See Ex parte Young*, 209 U.S. 123 (1908); *Mary Jo C. v. New York State & Local Ret. Sys.*, 707 F.3d 144, 166 (2d Cir.), *cert. dismissed*, 133 S. Ct. 2823 (2013). To begin with, defendant Arnone is no longer the Commissioner of the Department of Correction, such that any claim against him for prospective or injunctive relief would be moot.

Nor does the amended complaint by its own terms expressly seek injunctive relief. In addition to compensatory damages and attorneys fees and costs, the complaint seeks only "[s]uch . . . equitable relief as the Court may deem appropriate." Doc. #22 at 13. With such general language, I cannot determine whether the desired relief is injunctive or prospective. *See Virginia Office for Prot. & Advocacy v. Stewart*, 131 S. Ct. 1632, 1639 (2011); *Bogle-Assegai v. Comm'n on Human Rts. & Opportunities*, 331 Fed. App'x 70, 71–72 (2d Cir. 2009) (plaintiff had not invoked *Ex Parte Young* exception "because although [plaintiff] stated in the jurisdictional section of her complaint that her action was for declaratory and injunctive relief, she did not actually request any specific declaratory or injunctive relief."); *Makas v. Orlando*, 2008 WL 1985407, at *5 (S.D.N.Y. 2008) (dismissing complaint as barred by state sovereign immunity because, although complaint sought "'misc Declaratory and Injunctive' relief, . . . and 'such other and further relief as this Court may deem appropriate,'" plaintiff did not "specif[y] what type of prospective, injunctive relief he seeks"). Accordingly, I will dismiss all official-capacity claims against defendant Arnone as barred by Eleventh Amendment state sovereign immunity.[2]

Plaintiff's claims against defendant Arnone in his *individual* capacity may not proceed,

---

[2] "[W]hether the claim of sovereign immunity constitutes a true issue of subject matter jurisdiction" which must be resolved upon a Fed. R. Civ. P. 12(b)(1) motion to dismiss, "or is more appropriately viewed as an affirmative defense is an open question in the Supreme Court and the Second Circuit." *Carver v. Nassau Cnty. Interim Fin. Auth.*, 730 F.3d 150, 156 (2d Cir. 2013), *as corrected* (Sept. 27, 2013). I need not decide the procedural posture of this claim because the relevant standard for dismissal has been met in any event.

because plaintiff has not timely served process pursuant to Fed. R. Civ. P. 4. There is no evidence that plaintiff attempted to serve or did serve defendant Arnone in his individual capacity as required under Connecticut law. *See* Conn. Gen. Stat. § 52-57(a) (providing that an individual defendant must be served in person or at usual place of abode); *Dickerson*, 604 F.3d at 752; *Carlberg v. Loschiavo*, 2014 WL 5858153, at *2 (D. Conn. 2014) (dismissing individual-capacity claim against defendant not properly served).

Finally, plaintiff's Title VII claims against DOC appear to be time barred. Plaintiff filed her discrimination complaint with the EEOC on September 7, 2013. Doc. #28-3. Pursuant to the 180-day limitations period for Title VII claims, she cannot now seek relief for incidents of discrimination that occurred before March 11, 2013. *See* 42 U.S.C. § 2000e-5(e)(1); *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Karen Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 712–13 (2d Cir. 1996). Neither plaintiff's EEOC complaint nor her complaint before this Court reference any act or incident that occurred after March 11, 2013. *See Smith v. Am. President Lines, Ltd.*, 571 F.2d 102, 106 (2d Cir. 1978) (finding claim time barred where initial EEOC charge "made no reference at all to any event after" limitations date). To the contrary, every date that appears in the complaint is before March 11, 2013. *See* Doc. #22, ¶¶ 8, 10, 12, 17, 21, 22. Moreover, plaintiff's EEOC complaint specifies that the discriminatory acts ended on January 10, 2013—plaintiff declined to check the box that would indicate the discrimination was ongoing. Doc. #28-3 at 1.

## CONCLUSION

For the reasons set forth above, defendants' motion to dismiss (Doc. #28) pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6) and Local Civ. R. 7(a)(1) is GRANTED. Defendants' motion to stay discovery (Doc. #34) is DENIED as moot. The Clerk is directed to close this case.

It is so ordered.

Dated at Bridgeport this 24th day of February 2015.

               **/s/ Jeffrey Alker Meyer**
               Jeffrey Alker Meyer
               United States District Judge